United States District Court
Southern District of Texas
**ENTERED**
April 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO AZIM WILLIAMS, SPN # 03123608, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-24-1324 |
| CITY OF HOUSTON, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Armando Azim Williams, a Harris County pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 against the City of Houston. Having screened the complaint under 28 U.S.C. § 1915A, the Court **ORDERS** this case **STAYED** and **ADMINISTRATIVELY CLOSED** for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

A review of public online records for the Harris County District Clerk's Office shows that capital murder charges are pending against plaintiff under Case No. 1798784 in the 338th District Court of Harris County, Texas. Trial is currently set for April 25, 2024.

Plaintiff complains in this lawsuit that the City of Houston took "illegal actions" against him in Case No. 1798784. As judicial relief, he requests "full financial compensation for case # 1798784" for "illegal violations of my civil rights that occurred in criminal case # 1798784." (Docket Entry No. 1, pp. 3–5.) The Court notes that plaintiff further demands that "the magistrate judge from Detroit, Michigan" take certain actions in this lawsuit and

in his criminal case. However, plaintiff does not plead any factual allegations establishing that a magistrate judge from Detroit, Michigan has jurisdiction over either the instant lawsuit or plaintiff's pending Harris County criminal prosecution.

## II. ANALYSIS

When a plaintiff brings a civil action under section 1983 that challenges the legitimacy of his conviction or sentence, the court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). If so, the action is barred unless the plaintiff proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of habeas corpus." *Id.* at 487.

When a pending civil action may have implications in a pending criminal case, the proper procedure is for the court to stay the civil rights action until the criminal case is ended. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed absent some other bar to suit." *Id.* at 394 (citations omitted).

In the instant civil lawsuit, plaintiff claims that the City of Houston took "illegal actions" against him in Case No. 1798784. His allegations challenge the validity of his pending state criminal prosecution and detention. Because resolution of plaintiff's civil

claims here may have implications in his pending criminal prosecution, the Court must stay any action on the claims until plaintiff's pending criminal case has been resolved.[1]

### III. CONCLUSION

For the above reasons, this lawsuit is **ORDERED STAYED AND ADMINISTRATIVELY CLOSED** pending disposition of plaintiff's pending criminal prosecution in Case No. 1798784 in the 338th District Court of Harris County, Texas. Plaintiff may seek to reinstate this lawsuit upon motion filed within thirty days following favorable disposition of his pending criminal prosecution in Case No. 1798784. Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the 22nd day of April, 2024.

_Keith P. Ellison_
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's analogous claims against the Harris County Sheriff's Office arising from Cause No. 1798784 were stayed in *Williams v. Harris County Sheriff's Office*, C.A. No. 23-CV-1387 (S.D. Tex.) on February 28, 2024.